IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re Phillip W Engen,<br><br>Debtor | Case No. _____<br><br>Chapter 7 No. 23-30151 |
| Phillip W. Engen,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. Department of Education, Maximus Education, LLC d/b/a "Aidvantage"<br><br>Defendants. | **COMPLAINT** |

[¶1]    The Plaintiff, Phillip W. Engen, files this Complaint against Defendants U.S. Department of Education and Maximums Education, LLC, d/b/a Aidvantage, and states and alleges to the Court as follows:

I.    PARTIES

[¶2]    Phillip W. Engen ("Plaintiff") is an individual citizen of the State of North Dakota residing in the District of North Dakota. Plaintiff's educational debts to defendants are collectively referred to as his "student loans" in this complaint.

[¶3]    The U.S. Department of Education ("Education Department") is an agency of the Federal Government of the United States and is located at 400 Maryland Avenue, SW, Washington, D.C. 20202.

[¶4]    Maximus Education, LLC, d/b/a Aidvantage ("Aidvantage") is an official servicer of Federal Student Aid and the current loan servicer of both student loans held by the Plaintiff. Maximus Education, LLC is an LLC registered with the state of Delaware and its registered

agent and address are: Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

## II. JURISDICTION AND VENUE

[¶5] This Adversary Proceeding is brought within Case Number 23-.30151.

[¶6] This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C § 157(b). This is a core proceeding under title 11 because it concerns a determination as to the dischargeability of a debt.

[¶7] This Adversary Proceeding is brought pursuant to 11 U.S.C § 523(a)(8), 15 U.S.C § 1601, 15 U.S.C. § 1692 and Federal Rules of Bankruptcy Procedure Rule 7001.

[¶8] Venue is proper in the District of North Dakota pursuant to 28 U.S.C. § 1409 because this matter arises in and is related to a bankruptcy case in this district.

## III. FACTUAL BACKGROUND

Background

[¶1] The defendant filed for Chapter 7 Bankruptcy with this court on May 3, 2023.

[¶2] Between July 2009 and October 2013, Plaintiff borrowed from Education Department in order to attend Sanford-Brown College.

[¶3] In March 2015, Plaintiff consolidated his student loans with a Direct Consolidated Unsubsidized loan in the amount of $16,365.00 and with a Direct Consolidated Subsidized loan in the amount of $23,821.00. Combined, the total loan amount was $40,186.00.

[¶4] Since March of 2015, Plaintiff has repaid $2,950.00 on the Direct Consolidated Unsubsidized loan and $4,085.00 on the Direct Consolidated for a total repayment amount of $7,035.00.

[¶5]    As of August 2, 2023, Plaintiff has an outstanding balance of $17,296.00 on the Direct Consolidated Unsubsidized loan and an outstanding balance of $21,864.00 on the Direct Consolidated Subsidized loan for a total outstanding balance of $39,160.00.

[¶6]    The Plaintiff last made a payment on July 15, 2016 for both loans.

[¶7]    Both loans have been in forbearance since January 24, 2020. Both loans have a payment due by September 30, 2023.

[¶8]    The Plaintiff cannot maintain a minimal standard of living as is and if required to repay his student loans to defendants his situation would worsen. The Plaintiff has no income and has no disposable income to repay his student loans. As such, the Plaintiff will never be able to fully amortize his loans with defendants.

[¶9]    The Plaintiff is unable to work due to medical conditions and requires the support of his father to pay his rent and necessary living expenses. The Plaintiff has tried to find work but has been unsuccessful.

[¶10]   The Plaintiff would suffer "undue hardship" if forced to repay his student loans. It would be unconscionable for this Court to require plaintiff reduce his expenses further to pay his student loans. The Plaintiff cannot reduce expenses in any way. Plaintiff does not spend money on gyms, new clothes, hairdressers, or any other frivolous expenses. He contributes nothing to a retirement plan and has nothing in savings. Plaintiff does not spend money on gambling or drugs, and only a nominal amount if anything, on alcohol.

[¶11]   The plaintiff's state of affairs above is likely to persist in the future. Plaintiff's educational degree provides no value to him in securing a job and has no usable or marketable job skills. Plaintiff is not expecting any inheritance or gifts in the future that would allow him to repay his student loans nor does he have any assets to sell to repay his student loans. Plaintiff's

monthly costs are expected to continue to rise due to inflation and without wages his situation will only worsen.

[¶12]   Plaintiff has made good faith efforts to repay his student loans to defendants as its evidenced by his previous repayment history. From the time he finished school, Plaintiff has worked to maximize his income and minimize his expenses as alleged above.

[¶13]   Sanford Brown did not provide Plaintiff the quality of education represented. Sanford Brown misled Plaintiff as to the quality of education he would receive, resulting in a greater inability to obtain employment within the field Plaintiff desired and as represented by Sanford Brown. Plaintiff believes he is part of the class action suit against Sanford Brown and the Department of Education. Plaintiff does not waive the claims made in that suit and intends to proceed on those grounds as well in that litigation.

## IV.   CLAIMS FOR RELIEF

[¶14]   Plaintiff re-alleges all previous paragraphs of this Complaint.

[¶15]   Plaintiff seeks judgement of this Court that Plaintiff is entitled to discharge of his student loan debt because repayment would constitute an "undue hardship."

[¶16]   Plaintiff meets the standard for undue hardship as articulated in the Brunner/Totality of Circumstances Tests.

[¶17]   Accordingly, Plaintiff prays this Court discharge his student debt.

## V.   PRAYER FOR RELIEF

[¶18]   WHEREFORE, Plaintiff requests that this Court enter judgement in favor of Plaintiff and against Defendants for:

   a. Declaratory and injunctive relief granting Plaintiff discharge of his student loans owed to Defendants; and

   b. Other such relief as the Court deems just and proper.

4

Dated this 7th day of August, 2023.

/s/ Kip M. Kaler
Kip M. Kaler (ND Atty ID 03757)
KALER DOELING, PLLP
Attorney for Plaintiff
3429 Interstate Boulevard South
P.O. Box 9231
Fargo, ND 58106-9231
(701) 232-8757
kip@kaler-doeling.com